IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: ANGUS EARL THOMPSON<br>CYNTHIA ANN THOMPSON<br>　　　Debtors. | )<br>)<br>)<br>)<br>) | CHAPTER 13<br>CASE NO. 11-12111-BFK |
| ANGUS EARL THOMPSON<br>CYNTHIA ANN THOMPSON<br><br>　　　Plaintiffs.<br>v.<br><br>BRANCH BANKING & TRUST CO.<br>　　　Defendant<br><br>And<br><br>BB&T-VA COLLATERAL<br>SERVICE CORPORATION, Trustee<br>　　　Defendant<br>And<br><br>BRANCH BANKING & TRUST<br>COMPANY OF VIRGINIA<br>　　　Defendant<br>And<br><br>T&C LEASING, INC.<br>　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary Proceeding<br>No. 11-01532 |

CONSENT FINAL ORDER

This matter came on the Complaint of the Plaintiffs, Angus Earl Thompson and Cynthia Ann Thompson, to determine the extent and validity of liens against certain of their real property set out therein, upon service on the various Defendants, upon the Answer filed on behalf of Defendants Branch Banking & Trust Company, Branch Banking & Trust Company of Virginia and BB&T-VA Collateral Service Corporation, upon the Notice of Appearance of Counsel for Defendant T&C Leasing, Inc. and upon the consent and endorsement of counsel for all parties to

the terms of this Order, whereupon,

Upon agreement of the parties, the Court finds that the amount of the valid lien of the First Deed of Trust described in the said Complaint exceeds the value of the real property described therein and below at the time of the filing of Plaintiffs' bankruptcy case so that there is no equity remaining for the Second Deed of Trust or for the judgment lien of Defendant T&C Leasing, Inc., both described in the Complaint, to attach to, resulting in the Second Deed of Trust and the judgment lien of Defendant T&C Leasing, Inc. as to the real property described in the Complaint and below being wholly unsecured; it is thus hereby:

ORDERED that, upon the confirmation and completion of Plaintiffs' proposed Chapter 13 Plan or a successor Plan which provides for similar treatment of the claims of the Defendants and discharge of the Plaintiffs in their Chapter 13 case under 11 § USC 1328(a), the lien arising from the Second Deed of Trust in favor of Defendant Branch Banking & Trust Company, which was dated March 11, 2005, recorded on March 14, 2005 in Prince William County, Virginia, Land Records as Instrument No. 200503140039283, and the judgment lien in favor of Defendant T&C Leasing, Inc. against Plaintiffs, which was entered in the County Court of Travis County, Texas, on March 23, 2009 and which was docketed as a foreign judgment on June 18, 2009 in the Circuit Court of Prince William County, Virginia (the "Judgment Lien"), will both be set aside and declared null and void as they affect Plaintiffs' real property located in Prince William County, Virginia, described as 5981 Maxfield Court, Manassas, VA 20112 and more fully described as follows:

> Lot 21, Section 1, GEORGES ESTATES, as the same appears duly dedicated, platted and recorded as Lot 26, THE RESERVE AT HUNTERS RIDGE, Section 2 in Instrument no. 200307030120603 and on plat recorded in Instrument no. 200307030120604, among the land records of Prince William County, Virginia; and

It is further ORDERED, that Defendant Branch Banking & Trust Company's proof of claim number 2, filed on April 6, 2011 in the amount of $119,888.44, shall be allowed as an unsecured claim and shall be paid as such according to the terms of any Confirmation Order entered or later modified in the Plaintiffs' Chapter 13 bankruptcy case; and

It is further ORDERED, that Defendant T&C Leasing, Inc.'s proof of claim number 11, as amended, originally filed on May 27, 2011 in the amount of $28,612.98, shall be allowed as an unsecured claim and shall be paid as such according to the terms of any Confirmation Order entered or later modified in the Plaintiffs' Chapter 13 bankruptcy case; and

It is further ORDERED, that in the event the Plaintiffs fail to receive a discharge in their Chapter 13 case pursuant to 11 USC § 1328(a) and/or immediately upon conversion of their bankruptcy case to a case under Chapter 7 of the Bankruptcy Code by the Plaintiffs and/or in the event of dismissal of the Plaintiffs' Chapter 13 case, the provisions of this Consent Order allowing the liens of the Second Deed of Trust and Judgment Lien as unsecured claims and directing that the Second Deed of Trust and Judgment Lien be released of record shall immediately be deemed null and void, and the Second Deed of Trust and Judgment Lien shall remain in full force and effect; and

It is further ORDERED, that subject to the herein mentioned conditions and reservations, within 30 days of receipt by Defendant Branch Banking & Trust Company or by Defendant T&C Leasing, Inc. or their successors or assigns, of written notice of the completion of Plaintiffs' Chapter 13 Plan as such Plan or successor Plan is described herein, and of the receipt by the Plaintiffs of a discharge in the bankruptcy case under 11 USC § 1328(a), each of the said Defendants, upon Plaintiffs' or their counsel's demand made on Defendant Branch Banking & Trust Company, Attn: Bankruptcy Dept., PO Box 1847, Wilson, NC 27894-1847  or to Defendant T&C Leasing, Inc., Attn: Bankruptcy Dept., 5351 Thunder Creek Rd., Austin, TX 78759, shall

cause, respectively, the release of record of the liens of the aforesaid Second Deed of Trust and Judgment Lien; and

It is further ORDERED, that any party may apply to this Court for a further order to effectuate the terms set out herein.

Enter: _____                    _____
                                                                    Brian F. Kenney, Judge

We ask for this:


_____/S/ Ronald B. Cox_____
Ronald B. Cox, Counsel for Plaintiffs/Debtors
P. O. Box 468
Occoquan, Virginia 22125
(703) 490-3000
Va. Bar #16981

Seen & Agreed:

__/S/ Deborah S. Kirkpatrick_____
Deborah S. Kirkpatrick, Esq.
Counsel for Defendants Branch Banking & Trust Company,
Branch Banking & Trust Company of Virginia,
and BB&T-VA Collateral Service Corp.

_____/S/ Gordon S. Young_____
Gordon S. Young, Esq.
Leitess Leitess Friedberg + Fedder PC
Counsel for Defendant T&C Leasing, Inc.

_____/S/ Thomas F. Gordon_____
Thomas F. Gorman, Esq.
Chapter 13 Trustee


CERTIFICATION
I certify that I have obtained the consent of the foregoing counsel to the submission of this Order for entry.

      /S/ Ronald B. Cox
    Ronald B. Cox, Esq.